# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G.N.T.,<br><br>    Petitioner,<br><br>    v.<br><br>MINGA WOFFORD, Mesa Verde ICE Processing Center Facility Administrator; SERGIO ALBARRAN, Acting Field Office Director of the San Francisco Immigration and Customs Enforcement Office; TODD M. LYONS, Acting Director of United States Immigration and Customs Enforcement; KRISTI NOEM, Secretary of the United States Department of Homeland Security; PAMELA BONDI, Attorney General of the United States,<br><br>    Respondents. | No. 1:25-cv-02083-KES-SKO (HC)<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>Doc. 1 |

    This habeas action concerns the re-detention of petitioner G.N.T., a noncitizen who was detained and released in 2022 but was recently re-detained.[1]  For the reasons explained below, the petition for writ of habeas corpus is granted.

## BACKGROUND

    Petitioner G.N.T. is a noncitizen who entered the United States on May 19, 2022. Doc. 2-1, G.N.T. Decl. at ¶ 1.  Immigration authorities initially detained him after his entry, but they released him six days later on humanitarian parole pursuant to 8 U.S.C. § 1182(d)(5)(A).  *Id.* ¶ 2; Doc. 1 at ¶ 14; Doc. 2-5, Ex. 3.  Immigration officials may parole a noncitizen pursuant to 8 U.S.C. § 1182(d)(5)(A) "for 'urgent humanitarian reasons' or 'significant public benefit,'

---

[1] Petitioner's motion to proceed via pseudonym was granted by separate order.

1    provided the [noncitizen] present[s] neither a security risk nor risk of absconding." 8 C.F.R.
2    § 212.5(b) (quoting 8 U.S.C. § 1182(d)(5)(A)).  "Release [therefore] reflects a determination by
3    the government that the noncitizen is not a danger to the community or a flight risk." *Saravia v.*
4    *Sessions*, 280 F. Supp. 3d 1168, 1176 (N.D. Cal. 2017), *aff'd sub nom. Saravia for A.H. v.*
5    *Sessions*, 905 F.3d 1137 (9th Cir. 2018).

6        Following his release, petitioner moved to San Jose, California with his wife and
7    daughter.  Doc. 2-1, G.N.T. Decl. at ¶ 2.  After petitioner was granted work authorization, he
8    worked at a mechanical workshop and a computer company to provide for his family.  Doc. 1 at
9    ¶ 26.  He sought relief from removal by filing an application for asylum, and although his asylum
10   application was denied on November 17, 2025, he promptly filed an appeal which remains
11   pending.  Doc. 2-6, Ex. 4; Doc. 2-1, G.N.T. Decl. at ¶ 5.  Respondents do not dispute petitioner's
12   assertions that, while in the United States, he complied with all conditions of his release and
13   maintained a clean criminal record.  Doc. 2-1, G.N.T. Decl. at ¶¶ 4, 6; *see* Doc. 9.

14       On December 4, 2025, ICE agents arrested petitioner when he appeared for a scheduled
15   check-in.  Doc. 2-1, G.N.T. Decl. at ¶ 9.  Petitioner is now detained at Mesa Verde ICE
16   Processing Center.  *Id.* ¶ 10.

17       On December 31, 2025, petitioner filed a petition for writ of habeas corpus, Doc. 1, and a
18   motion for temporary restraining order, Doc. 2, arguing that his re-detention without a pre-
19   deprivation bond hearing violates the Due Process Clause of the Fifth Amendment.  The Court
20   ordered respondents to show cause why the Court should not grant the motion for temporary
21   restraining order.  Doc. 5.  The Court directed respondents to address whether there were any
22   factual or legal issues in this case substantively distinguishing it from the Court's prior orders
23   in *Ramazan M. v. Andrews*, No. 1:25-CV-01356-KES-SKO (HC), 2025 WL 3145562 (E.D. Cal.
24   Nov. 10, 2025), and *R.I. v. Wofford*, No. 1:25-CV-01637-KES-SKO (HC), 2025 WL 3768205
25   (E.D. Cal. Dec. 31, 2025).  *Id.*  Respondents filed a response to the order to show cause on
26   January 5, 2026.  Doc. 8.  In their response, respondents state:

27           Respondents acknowledge that the factual and legal issues in the
        present case are similar to those present in *Ramazan M. v. Andrews*,
28           in particular, in that Petitioner in this case was detained at the border

> upon unlawful entry, subsequently paroled into the United States, and later applied for asylum (and here, withholding of removal). As in *Ramazan,* that application was denied and is currently under appeal by Petitioner during this habeas action. Nevertheless, in the cautious effort to preserve their arguments, Respondents respectfully address certain elements of statutory interpretation, controlling case law, and the Court's decisions cited in the Minute Order.

Doc. 9 at 2. Respondents also state that, if the Court is inclined to grant petitioner's motion for a temporary restraining order, the Court should "go further and enter a final judgment granting the petition for habeas corpus on the merits." Doc. 9 at 6.[2]

## **LEGAL STANDARD**

The Court will rule directly on the petition for writ of habeas corpus, as respondents request. *See id.* The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## **DISCUSSION**

As noted in the Court's order to show cause, this Court has previously addressed the legal issues raised by petitioner's claim in cases such as *Ramazan M. v. Andrews*, No. 1:25-CV-01356-KES-SKO (HC), 2025 WL 3145562 (E.D. Cal. Nov. 10, 2025). Respondents acknowledge that the facts and legal issues are similar to those presented in *Ramazan M. See* Doc. 9.

Respondents argue that *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103 (2020),

---

[2] Respondents also request that their opposition serve as their response to the petition for writ of habeas corpus. Doc. 9 at 6.

holds that noncitizens like petitioner have no due process right to challenge their detention. But as the Court addressed in *Ramazan M.*, *Thuraissigiam* considered whether a noncitizen stopped at the border had a due process right to challenge his *admissibility* into the United States; it did not address a due process challenge to re-detention following a lengthy period of release in the United States. *See Ramazan M. v. Andrews*, No. 2025 WL 3145562, at *4 (citing *Thuraissigiam*, 591 U.S. at 107). The Supreme Court considered in *Thuraissigiam* whether a non-citizen detained just inside the border, and continuously detained thereafter, had a due process right to obtain habeas review of his asylum claim. *Thuraissigiam*, 591 U.S. at 106–07, 118–19 (noting that "respondent fail[ed] to seek release" or dispute the validity of his confinement). It was in that context that the Court found that the non-citizen in *Thuraissigiam* had "only those rights *regarding admission* that Congress has provided by statute." *Id.* at 140 (emphasis added); *see Padilla v. ICE*, 704 F. Supp. 3d 1163, 1171–72 (W.D. Wash. 2023) (finding *Thuraissigiam* inapplicable to the question of whether plaintiffs were entitled to bond hearings as *Thuraissigiam*'s holding was limited to "rights regarding admission"). Petitioner does not challenge any admissibility determination in this habeas proceeding, and *Thuraissigiam* does not foreclose his due process claim to a bond hearing.

For these reasons and the reasons stated in *Ramazan M. v. Andrews*, No. 1:25-CV-01356-KES-SKO (HC), 2025 WL 3145562 (E.D. Cal. Nov. 10, 2025), and *R.I. v. Wofford*, No. 1:25-CV-01637-KES-SKO (HC), 2025 WL 3768205 (E.D. Cal. Dec. 31, 2025), the Court grants the petition for writ of habeas corpus.

///
///
///
///
///
///
///
///

4

# **ORDER**

Accordingly, the petition for writ of habeas corpus, Doc. 1, is GRANTED. Respondents are ORDERED to release petitioner immediately. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.

The Clerk of Court is directed to close this case and enter judgment for petitioner.

IT IS SO ORDERED.

Dated:   January 8, 2026

_____
UNITED STATES DISTRICT JUDGE