# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

G. N.T.,

Petitioner,

v.

MINGA WOFFORD, et al.,

Respondents.

/

Case No. 1:25-cv-02083-KES-EGC (HC)

**FINDINGS AND RECOMMENDATIONS THAT THE COURT GRANT IN PART PETITIONER'S MOTION FOR ATTORNEY'S FEES PURSUANT TO EAJA**

(Doc. 15 )

FOURTEEN-DAY DEADLINE

Petitioner G. N.T. ("Petitioner"), formerly a federal detainee proceeding by counsel, initiated this action with the filing of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Pending before the Court is the motion of Petitioner's counsel for the award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Doc. 15 ). Respondents Minga Wofford, Sergio Albarran, Todd M. Lyons, Kristi Noem, and Pam Bondi (collectively, "Respondents") did not file an opposition. (*See* Docket). Respondents' failure to file an opposition is construed by this Court as non-opposition to the motion. *See* E.D. Cal. L. R. 230(c).

This motion was referred to the undersigned on April 6, 2026. (Doc. 16). For the reasons set forth below, the undersigned recommends that Petitioner's motion for EAJA fees be granted in part.

## I. BACKGROUND

Following the parties' briefing on Petitioner's application for temporary restraining order and the merits of the petition, on January 8, 2026, the Court granted the petition and ordered that

Respondents release Petitioner immediately, finding that Petitioner had a protected liberty interest and that due process requires a pre-deprivation hearing. (Doc. 13). Judgment for Petitioner was entered thereafter. (Doc. 14).

## II. LEGAL STANDARD

The EAJA provides for an award of attorney's fees and costs to private litigants who prevail "in any civil action (other than cases sounding in tort)" against the United States and timely file a petition for fees. 28 U.S.C. § 2412(d)(1)(A). Under the EAJA, a court shall award attorney's fees to the prevailing party unless it finds the government's position was "substantially justified or that special circumstances make such an award unjust." 28 U.S.C. § 2412(d)(1)(A).

## III. ANALYSIS

Petitioner argues: (1) they are a prevailing party, (2) the government's position was not substantially justified, and (3) no special circumstances make an award unjust. (Doc. 15 at 2– 8). As such, Petitioner requests $3,098 in attorney's fees, which Petitioner contends is the statutory rate, adjusted for inflation, for work performed in 2025.[1] (*Id.* at 9–10).

Petitioner specifically argues they are a prevailing party because the Court granted Petitioner's habeas petition. (*Id.* at 3–4). Petitioner argues the Court's ruling compelled Petitioner's release from immigration custody and rejected Respondents' underlying legal positions on the merits, which constitutes a judicially sanctioned success of the type contemplated by EAJA. (*Id.* at 4).

The Court agrees with Petitioner that they are a prevailing party. *Carbonell v. I.N.S.*, 429 F.3d 894, 902 (9th Cir. 2005) (holding a petitioner was a prevailing party in a civil habeas petition action even when the petitioner did not obtain final judgment but the district court entered a

---

[1] Petitioner filed a declaration and an itemized billing record to reflect the hours worked for the present action. (Doc. 15-3). Petitioner utilized the Ninth Circuit's EAJA statutory maximum rates. *See Statutory Maximum Rates Under the Equal Access to Justice Act*, U.S. COURTS FOR THE NINTH CIRCUIT, https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/. The undersigned finds Petitioner's requested attorney's fees (rates and hours) are reasonable. *See Nadarajah v. Holder*, 569 F.3d 906, 910 (9th Cir. 2009) ("The amount of attorneys' fees awarded under EAJA must be reasonable."). The undersigned further finds that Petitioner's request for $150 for paralegal time is reasonable. *Accord Saesee v. Bisignano*, No. 1:21-cv-01562-SKO, 2026 WL 1398969, at *3 (E.D. Cal. May 19, 2026); *N.A.L.C. v. Wofford*, No. 1:25-CV-01917-KES-CDB (HC), 2026 WL 1724739, at *5 (E.D. Cal. June 15, 2026). However, because the undersigned finds that the tasks performed by the legal assistant are "clerical" in nature, the undersigned finds they are not recoverable under EAJA. *See Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989) (finding "purely clerical or secretarial tasks" not recoverable under EAJA).

voluntary stipulation in the petitioner's favor); *see also Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1030 (9th Cir. 2009) (holding that a material alteration in the relationship between the parties such as the plaintiff receiving at least some relief on the merits of his claim qualifies him as a prevailing party).

As to whether the government's position was substantially justified, Petitioner specifically argues that the government cannot show that its position has a reasonable basis in both law and fact because Respondent's argument had previously been rejected more than once by this Court. (Doc. 15 at 8). Respondents did not oppose Petitioner's motion, thus, to the extent Respondents disagree with Petitioner's argument, the Court finds Respondents fail to meet their burden that their position was substantially justified. *See Flores v. Shalala*, 49 F.3d 562, 569–570 (9th Cir. 1995) (holding the burden is on the government to establish substantial justification for its position).

Finally, Respondents failure to oppose the motion means that they have similarly failed to meet their burden to establish special circumstances that would make the award of fees unjust. *McKenzie v. Astrue*, No. 1:10CV02036 AWI DLB, 2012 WL 1345756, at *1 (E.D. Cal. Apr. 16, 2012). Therefore, the undersigned finds that Petitioner is entitled to EAJA fees.

## IV. CONCLUSION

For the foregoing reasons, it is HEREBY RECOMMENDED:

1. Petitioner's motion for the award of attorneys' fees, (Doc. 15), be GRANTED IN PART;
2. Respondents be ordered to remit to counsel for Petitioner attorneys' fees and expenses in the amount of $2,685.55[2]; and
3. This award be made payable to Petitioner, but if the Department of the Treasury determines that Petitioner does not owe a federal debt, then Respondents shall cause the payment of attorneys' fees and expenses to be made directly to Petitioner's counsel.

These Findings and Recommendations will be submitted to the assigned United States

[2] This amount represents Petitioner's request, less the requested fees associated with the legal assistant's clerical time–$258.46 x 4.32 attorney hours plus $150 x 10.46 hours.

District Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(l)(B). Within fourteen (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 12, 2026**

Erin Sung Castillo

UNITED STATES MAGISTRATE JUDGE